UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARMINA ZAMORA, | Case No. SACV 05-00620 (MLG) |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| JO ANNE B. BARNHART, Commissioner of the Social Security Administration, | |
| Defendant. | |

Plaintiff Carmina Zamora ("Plaintiff") seeks review of the Commissioner's denial of her application for Disability Insurance Benefits ("DIB"). For the reasons stated below, the Commissioner's decision should be reversed, and this action should be remanded for further proceedings.

**I.   BACKGROUND**

Plaintiff was born on August 6, 1964, and has past relevant work experience an assistant manager of a grocery deli. (Administrative

Record ("AR") at 21, 32, 108).

Plaintiff applied for DIB on June 11, 2001. (AR at 19, 108-10). Plaintiff claimed that she had been disabled since October 20, 2000, due to a back injury, pain in her lower back, neck, shoulders, knees, hips, arms, elbow, and wrist, tingling in her left arm and fingers, fibromyalgia, poor concentration, anxiety, and depression. (AR at 21, 721-36). Plaintiff's application was denied at the administrative level. (AR at 42-44). Plaintiff requested a hearing, which was held on September 12, 2002 and continued to January 4, 2004, before Administrative Law Judge Kevin M. McCormick ("ALJ"). (AR at 697-837). Plaintiff testified in her own behalf and was represented by counsel. *Id.*

The ALJ issued his decision on September 23, 2004, in which he found that Plaintiff: has not engaged in substantial gainful activity since her alleged onset date of disability (step 1); suffers from severe impairments (chronic cervical spine sprain/strain, left shoulder impingement syndrome, chronic lumbar strain, status post left knee arthroscopic surgery, myofascial pain syndrome, fibromyalgia, and mild to moderate depression) (step 2); does not have any impairments that meet or equal a Listed impairment (step 3); has the residual functional capacity ("RFC") to perform a limited range of light work,[1] which

---

[1] Specifically, the ALJ found that Plaintiff is able to lift and/or carry 10 pounds frequently and 20 pounds occasionally, stand and/or walk six hours in an eight-hour workday, sit six hours in an eight-hour workday, and perform postural activities occasionally, but that Plaintiff must avoid heavy twisting or torqueing with the left arm, and engage in no more than occasional kneeling, crouching, crawling, squatting, and climbing of ladders, ropes and scaffolds. (AR at 28). The ALJ further noted that Plaintiff is able to perform simple work that involves minimum contact with supervisors and co-workers, but that Plaintiff cannot work with the public. (AR at 28).

precludes her from performing her past work (step 4), but that Plaintiff is still able to perform work that exists in significant numbers in the economy, including the jobs of packing line worker, conveyor belt bakery worker, and bagger (step 5). (AR at 20-33). Thus, Plaintiff's request for benefits was denied. (AR at 34).

The Appeals Council denied Plaintiff's request for review on April 26, 2005. (AR at 9-11). Plaintiff filed the present Complaint on June 29, 2005. On April 5, 2006, the parties filed a Joint Stipulation of disputed issues. Plaintiff raises the following arguments:

1. The ALJ failed to properly consider the medical evidence.
2. The ALJ failed to properly consider Plaintiff's combination of impairments.
3. The ALJ failed to properly consider whether Plaintiff could sustain work and maintain jobs.
4. The ALJ failed to properly consider Plaintiff's testimony.
5. The ALJ failed to properly consider lay witness testimony.
6. The ALJ erred by relying on vocational expert testimony in finding that Plaintiff is not disabled.

Defendant requests that the final decision of the Commissioner be affirmed. The Joint Stipulation has been taken under submission without oral argument.

\\
\\
\\

**II.   STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). It is more than a scintilla, but less than a preponderance. *Reddick*, 157 F.3d at 720. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Id.* "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id.* at 720-721.

**III.   DISCUSSION**

   **A.   Examining Rheumatologist's Opinion**

In July 2003, rheumatologist Allen I. Salick, M.D. examined Plaintiff in connection with her claim for Workers' Compensation benefits. (AR at 549-61). After finding that Plaintiff had "tender points" in 16 areas and severe restless leg syndrome, Dr. Salick diagnosed Plaintiff with fibromyalgia syndrome. (AR at 556-57, 558, 560). There was also evidence of cervical and lumbar disc disease and meniscal disease of the left knee. (AR at 558). Dr. Salick concluded

that Plaintiff was "totally disabled and unemployable due to the combination of her fibromyalgia and all of her other problems," but that Plaintiff's fibromyalgia alone rendered her "totally disabled." (AR at 559).

The ALJ rejected Dr. Salick's opinion. (AR at 25, 28). In the Decision, the ALJ correctly noted that Dr. Salick's opinion on the ultimate issue of disability was not conclusive. (AR at 28); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *see also Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996)(finding that Workers' Compensation disability ratings are not controlling in disability cases decided under the Act). However, the ALJ failed to provide specific, legitimate reasons for rejecting the remainder of Dr. Salick's opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996)(holding that an ALJ may reject the opinion of an examining physician if the ALJ provides specific and legitimate reasons that are based on substantial evidence in the record); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)(same).

For example, although the ALJ acknowledged that Plaintiff suffers from fibromyalgia, he criticized Plaintiff for failing to seek treatment for this condition. (AR at 25-26). There is evidence in the record, however, that Plaintiff was having difficulty obtaining her employer's approval for treatment. (AR at 725, 734; JS at 29); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)(explaining that a claim cannot be denied based on failure to seek treatment for an alleged disability when the record establishes that the claimant could not afford treatment). Next, the ALJ noted that Dr. Salick recommended only conservative treatment for Plaintiff's fibromyalgia. (AR at 25-26). Dr. Salick recommended that Plaintiff participate in supervised exercise and

receive ongoing orthopedic treatment. (AR at 559). Dr. Salick also recommended that Plaintiff see a rheumatologist every three to four months to monitor her fibromyalgia medication. (AR at 559). At the time of the examination, Plaintiff was taking high doses of Neurontin, an epilepsy medication used to treat partial seizures. (AR at 560). Neither the Commissioner nor the ALJ identify any alternative treatments that may have aided Plaintiff in alleviating her fibromyalgia symptoms. It therefore seems that the ALJ's discussion of conservative care does not undermine Dr. Salick's opinion.

The ALJ further exhibited his misunderstanding of fibromyalgia by noting that Plaintiff's EMG and laboratory studies were normal. (AR at 28). Medically acceptable clinical and laboratory diagnostic techniques for fibromyalgia, however, are different from those applicable to other impairments. Plaintiff displayed the clinical signs and symptoms to support a fibromyalgia diagnosis under the American College of Rheumatology ("ACR") guidelines, including widespread pain in all four quadrants of the body and at least 11 of the 18 specified tender points on the body. *See* Social Security Administration Memorandum, Fibromyalgia, Chronic Fatigue Syndrome, and Objective Medical Evidence Requirements for Disability Adjudication, (May 11, 1998)(explaining that the signs for fibromyalgia, according to the ACR, "are primarily the tender points"); *see also Sarchet v. Chater*, 78 F.3d 305, 306 (7th Cir. 1996). As noted earlier, Dr. Salick documented that Plaintiff's physical examination revealed 16 "tender point" areas. (AR at 546-47). The ALJ also asserted that Dr. Salick's opinion should be discounted because "[h]e issued his opinion in the context of an adversarial [W]orkers['] [C]ompensation claim, which detracts significantly from its objectivity." (AR at 28). Contrary to ALJ's contention, "[t]he purpose

6

for which medical reports are obtained does not provide a legitimate basis for rejecting them." *Lester,* 81 F.3d at 832 (explaining that "[a]n examining doctor's findings are entitled to no less weight when the examination is procured by the claimant than when it is obtained by the Commissioner").

The ALJ also noted that Dr. Salick's findings of extreme limitations during his single examination of Plaintiff were contradicted by the findings of Plaintiff's other physicians, Dr. Brourman and Dr. Landaur.[2] (AR at 28, 570-74, 635-47). Both Dr. Brourman and Dr. Landaur are orthopedic surgeons. Because Dr. Salick is a rheumatologist and a specialist in fibromyalgia, his opinion is entitled to special weight. *See Benecke v. Barnhart*, 379 F.3d 587, 594 n.4 (9th Cir. 2004); 20 C.F.R. § 404.1527(d)(5).

Finally, although the ALJ gave great weight to the opinion of the non-examining medical expert, the opinion of a non-examining medical advisor, by itself, does not constitute substantial evidence to warrant the rejection of an examining physician's opinion. *See Morgan v. Commissioner of the Social Security Administration*, 169 F.3d 595, 602 (9th Cir. 1999). Accordingly, the ALJ's rejection of Dr. Salick's findings is not based on substantial evidence.[3]

---

[2] The Court notes that the report that the ALJ attributes to Dr. Landaur was actually completed by Dr. Landaur's partner, Dr. Roberts. (AR at 570-74).

[3] Because the ALJ improperly rejected Dr. Salick's opinion, and the record is not sufficiently developed to support a determination of disability without further proceedings, the Court will not decide whether the remaining issues raised by Plaintiff would independently require reversal. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003)(remanding for reconsideration where, inter alia, ALJ "failed to provide adequate reasons for rejecting the opinion of the treating physicians" and "did not properly reject [the claimant's] subjective complaints"). The Court recommends, however, that the ALJ consider all

**IV.  CONCLUSION**

Remand is appropriate for the ALJ to further evaluate the opinion of Dr. Salick and to make appropriate findings.

**ORDER**

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence.

Accordingly, it is ORDERED that this case be remanded to the Commissioner for further proceedings.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

Dated: May 11, 2006

                                          /s/ Marc L. Goldman
                                          Marc L. Goldman
                                          United States Magistrate Judge

---

of Plaintiff's arguments when determining the merits of her case on remand.